FILED
2026 Jan-29 PM 12:34
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT

FILED
2026 JAN 29 A 11: 20
U.S. DISTRICT COURT
N.D. OF ALABAMA

# NORTHERN DISTRICT OF ALABAMA

# BIRMINGHAM DIVISION

**MASHIACH C. LASSITER,**
Plaintiff,

v.

**325th DISTRICT COURT OF TARRANT COUNTY (STAFF);**
**TARRANT COUNTY DISTRICT CLERK (STAFF);**
**LISA K. GRIMALDI, 325th COURT COORDINATOR (INDIVIDUAL & OFFICIAL CAPACITIES);**
**THE HONORABLE CYNTHIA TERRY, JUDGE OF THE 325th DISTRICT COURT (OFFICIAL CAPACITY ONLY);**
**UNKNOWN TEXAS CLERKS 1–10 (INDIVIDUAL CAPACITY);**
**UNKNOWN TEXAS SUPERVISORS 1–10 (INDIVIDUAL CAPACITY);**
**ATTORNEY GENERAL OF TEXAS (OFFICIAL CAPACITY),**
Defendants.

Case No.: ______________________

---

# **COMPLAINT FOR VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT (TITLE II),

REHABILITATION ACT, AND 42 U.S.C. § 1983**

Plaintiff **Mashiach C. Lassiter**, appearing pro se, brings this federal civil rights action to remedy ongoing and systemic violations of Title II of the Americans with Disabilities Act (ADA), Section 504 of the Rehabilitation Act, and constitutional protections enforceable through 42 U.S.C. § 1983.
These violations occurred in connection with Plaintiff's attempts to access judicial services and proceedings in the 325th District Court of Tarrant County, Texas.

Plaintiff files this action in the Northern District of Alabama because the ADA and constitutional violations caused by Texas officials form part of a multi-state pattern that continues to produce injury within this District.

---

# I. JURISDICTION AND VENUE

1. This action arises under:
   - Americans with Disabilities Act, Title II (42 U.S.C. § 12132);
   - Rehabilitation Act (29 U.S.C. § 794);
   - 42 U.S.C. § 1983.
2. This Court has jurisdiction under **28 U.S.C. §§ 1331, 1343, and 1367.**
3. Venue is proper because Plaintiff experiences continuing injury in this District, and federal ADA and constitutional claims allow filing where ongoing harm occurs.

---

# II. PARTIES

4. Plaintiff **Mashiach C. Lassiter** is a qualified individual with disabilities.
5. **325th District Court of Tarrant County (Staff)** administers proceedings related to Plaintiff's Texas matters.
6. **Tarrant County District Clerk (Staff)** is responsible for processing filings and maintaining case records.
7. **Lisa K. Grimaldi**, Court Coordinator, is sued in her **official** and **individual** capacities.
8. **The Honorable Cynthia Terry**, Judge of the 325th District Court, is sued **in her official capacity only** for declaratory and injunctive relief.
9. **Unknown Texas Clerks 1–10** are sued in their individual capacities for personal involvement in denying access.
10. **Unknown Texas Supervisors 1–10** are sued in individual capacities for supervisory liability.
11. **Attorney General of Texas** is sued in official capacity for notice and enforcement of ADA compliance.

---

# III. FACTUAL ALLEGATIONS

12. Plaintiff has disabilities requiring filing accommodations and accessible communication.
13. Plaintiff notified Texas personnel—including clerks, supervisors, **Lisa Grimaldi**, and the Court Coordinator's Office—of disability-based limitations.

14. Plaintiff requested accommodations including email filing, accessible-format communication, modifications to electronic systems, and the ability to participate meaningfully in proceedings.
15. Defendants refused to provide accommodations, did not process ADA requests, and provided no ADA coordinator.
16. Clerk staff rejected filings, returned filings, or refused acceptance due to inaccessible procedural requirements.
17. **Lisa Grimaldi** failed to coordinate or provide required ADA assistance despite direct notice.
18. **Judge Terry**, in her official capacity, oversees procedures requiring systems inaccessible to Plaintiff, without providing modifications.
19. These actions violate **28 C.F.R. §§ 35.130 and 35.160.**
20. Plaintiff missed opportunities to respond to filings, defend parental rights, or participate in hearings.
21. The ADA violations form part of a broader national pattern that includes Alabama and continues to impair Plaintiff's ability to litigate cases in federal court.
22. Plaintiff suffered emotional distress, procedural loss, harm related to the parenting of three children, and aggravation of service-connected disabilities.

---

# IV. CLAIMS FOR RELIEF

### COUNT I — ADA Title II (42 U.S.C. § 12132)

23. Defendants denied Plaintiff access to public judicial services by refusing reasonable accommodations.

### COUNT II — Rehabilitation Act (29 U.S.C. § 794)

24. Defendants receive federal funds and discriminated on the basis of disability.

### COUNT III — 42 U.S.C. § 1983 (Access to Courts)

25. Individual defendants obstructed Plaintiff's ability to litigate and pursue parental rights.

### COUNT IV — 42 U.S.C. § 1983 (Procedural Due Process)

26. Defendants deprived Plaintiff of meaningful opportunity to be heard.

### COUNT V — 42 U.S.C. § 1983 (Equal Protection)

27. Plaintiff was treated differently than nondisabled litigants without legitimate justification.

---

# V. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court grant the following relief:

1. **Compensatory damages** for loss of parenting time, interference with parental rights involving three minor children, and related harm.
2. **Emotional distress damages,** including those related to exacerbation of Plaintiff's service-connected combat disabilities.
3. **ADA and Rehabilitation Act damages,** consistent with evidence presented at trial.
4. **Punitive damages** against individual defendants whose conduct demonstrated reckless or callous disregard of Plaintiff's rights.
5. **Economic and consequential damages**, including losses stemming from missed filings, hearings, and litigation barriers created by Defendants.
6. **Declaratory relief** that Defendants' conduct violated the ADA, Rehabilitation Act, and 42 U.S.C. § 1983.
7. **Prospective injunctive relief,** including:
   a. ADA-compliant filing accommodations;
   b. Acceptance of filings by email or accessible format;
   c. Effective communication measures;
   d. Structural modifications to ensure disabled litigants can access Texas court procedures.
8. **Costs and fees** permitted under 42 U.S.C. § 1988.
9. **Any further relief** the Court deems just and proper.

Plaintiff preliminarily estimates that the total relief sought shall **not exceed $1,500,000**, subject to proof and jury determination.

---

# VI. JURY DEMAND

Plaintiff demands a jury trial on all triable issues.

---

# Respectfully submitted,

---

*Mashiach C. Lassiter*
**Mashiach C. Lassiter**
Plaintiff, Pro Se

...iath C. Lassiter
5 Mountain Ln
...ferdale, AL 35071

Retail

UNITED STATES POSTAL SERVICE

35203

RDC 99

U.S. POSTAGE PAID
FCM LG ENV
BIRMINGHAM, AL 35228
JAN 27, 2026

$2.44

S2324K505105-05

SECURITY
JAN 29 2026
U.S. DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA

Hugo Black Northern AL
1729 5th Ave North
B'ham, AL 35203