FILED
2026-Jan-29 PM 12:38
U.S. DISTRICT COURT
N.D. OF ALABAMA

AD
FILED
2026 JAN 29 A 11: 21
U.S. DISTRICT COURT
N.D. OF ALABAMA

# EXHIBIT A

# **EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER

AND PRELIMINARY INJUNCTION**
(Relating to Lassiter v. Texas Court Officials et al.)

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ALABAMA**
**BIRMINGHAM DIVISION**

**MASHIACH C. LASSITER,**
Plaintiff,

v.

**325th DISTRICT COURT OF TARRANT COUNTY (STAFF);**
**TARRANT COUNTY DISTRICT CLERK (STAFF);**
**LISA K. GRIMALDI, 325th COURT COORDINATOR (INDIVIDUAL & OFFICIAL CAPACITIES);**
**THE HONORABLE CYNTHIA TERRY, JUDGE OF THE 325th DISTRICT COURT (OFFICIAL CAPACITY ONLY);**
**UNKNOWN TEXAS CLERKS 1–10 (INDIVIDUAL CAPACITY);**
**UNKNOWN TEXAS SUPERVISORS 1–10 (INDIVIDUAL CAPACITY);**
**ATTORNEY GENERAL OF TEXAS (OFFICIAL CAPACITY),**
Defendants.

Case No.: ________________________

---

# **EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER

AND PRELIMINARY INJUNCTION**

Plaintiff **Mashiach C. Lassiter**, appearing pro se, respectfully moves under **Federal Rule of Civil Procedure 65** for an **Emergency Temporary Restraining Order** and **Preliminary Injunction**.

Plaintiff seeks narrowly tailored relief to ensure access to judicial services and filing procedures that comply with Title II of the Americans with Disabilities Act (ADA), Section 504 of the Rehabilitation Act, and the U.S. Constitution.

---

# I. INTRODUCTION

Plaintiff is a qualified individual with disabilities who requires reasonable modifications to participate in judicial proceedings and filing processes.
Defendants—including clerk staff, supervisory staff, the 325th Court Coordinator, and Texas state judicial entities—failed to provide required ADA accommodations and refused to process filings in accessible formats.

As a result, Plaintiff has been unable to meaningfully participate in Texas court matters, respond to filings, or defend parental rights involving three minor children.
These violations continue to produce harm within the Northern District of Alabama and justify emergency injunctive relief.

---

# II. FACTUAL BASIS SUPPORTING EMERGENCY RELIEF

1. Plaintiff notified defendants of disability-based limitations and requested accommodations.
2. Requested accommodations included:
   - acceptance of filings by email,
   - accessible communication formats,
   - modified procedures where electronic systems were not usable.
3. Defendants did not provide access or reasonable modifications.
4. Plaintiff's filings were rejected, not processed, or returned.
5. No ADA coordinator was offered, and no alternative procedures were made available.
6. These failures impaired Plaintiff's ability to participate in custody-related proceedings and maintain parental rights.
7. Plaintiff continues to experience irreparable harm, including emotional distress, loss of procedural protections, and exacerbation of service-connected disabilities.
8. The ADA violations form part of a larger multi-state pattern also affecting Plaintiff's legal actions in Alabama.

---

# III. LEGAL STANDARD UNDER RULE 65

To obtain a Temporary Restraining Order or Preliminary Injunction, a plaintiff must show:

1. **A likelihood of success on the merits**
2. **A likelihood of irreparable harm** absent relief
3. **That the balance of equities favors the plaintiff**
4. **That an injunction is in the public interest**

(*Winter v. NRDC*, 555 U.S. 7 (2008))

Plaintiff satisfies all four requirements.

---

# IV. ARGUMENT

## A. Substantial Likelihood of Success on the Merits

Plaintiff raises claims under:

- Title II of the ADA
- Section 504 of the Rehabilitation Act
- 42 U.S.C. § 1983

The ADA requires courts and clerks to provide reasonable accommodations and effective communication.
The facts presented demonstrate that defendants failed to provide the modifications necessary for Plaintiff to access judicial services.

Under *Tennessee v. Lane*, courts must ensure disabled individuals receive meaningful judicial access.
Here, the alleged conduct is incompatible with ADA requirements.

Accordingly, Plaintiff demonstrates a substantial likelihood of success on the merits.

---

## B. Irreparable Harm

Irreparable harm exists where:

- A litigant cannot participate in legal proceedings

- Parental rights or custody interests are impacted
- Judicial remedies are lost due to procedural barriers
- Constitutional access-to-court rights are impaired

Courts recognize that the inability to access judicial processes constitutes irreparable harm because these losses cannot be remedied through monetary damages alone.

Plaintiff currently lacks the ability to file, respond, or proceed in Texas matters.
Without intervention, the harm will continue.

---

## C. Balance of Equities Favors Plaintiff

The relief requested does not impose undue burden on Defendants.
It merely requires compliance with existing federal law and the provision of basic accommodations.

In contrast, Plaintiff faces ongoing barriers that prevent meaningful participation in judicial proceedings.

The balance weighs in favor of granting relief.

---

## D. Public Interest Supports the Relief Requested

Ensuring compliance with the ADA and protecting the constitutional right of access to courts serve strong public interests.
The requested relief promotes transparency, nondiscrimination, and lawful judicial administration.

---

# V. REQUEST FOR TEMPORARY RESTRAINING ORDER

Plaintiff respectfully requests that the Court order Defendants to:

1. Immediately accept filings submitted by email or other accessible format.
2. Provide accessible electronic copies of all court notices, orders, and communications.
3. Refrain from rejecting or returning filings submitted through ADA-accommodated methods.

4. Identify or appoint an ADA coordinator responsible for managing Plaintiff's access requests.
5. Implement interim procedures ensuring Plaintiff can meaningfully participate in proceedings.

These measures are temporary and necessary to prevent further harm.

---

# VI. REQUEST FOR PRELIMINARY INJUNCTION

Plaintiff further requests that the Court extend the TRO into a Preliminary Injunction requiring continued ADA compliance throughout the duration of this case.

---

# VII. CONCLUSION

For these reasons, Plaintiff respectfully asks the Court to grant this Emergency Motion and issue both:

1. A **Temporary Restraining Order**, and
2. A **Preliminary Injunction**,

as described above.

---

# Respectfully submitted,

*Mashiach C. Lassiter*

**Mashiach C. Lassiter**
Plaintiff, Pro Se