# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF TEXAS
# FORT WORTH DIVISION

Dr. Mashiach C. Lassiter,

Plaintiff,

v.

Cheryl Lopez, in her official capacity; Lisa K. Grimaldi, in her official and individual capacities; Tarrant County, Texas,

Defendants.

**AMENDED COMPLAINT FOR DECLARATORY, INJUNCTIVE, AND MONETARY RELIEF**

## I. JURISDICTION AND VENUE

This action arises under the Constitution and laws of the United States, including 42 U.S.C. §1983 and Title II of the Americans with Disabilities Act (42 U.S.C. §12131 et seq.).

Jurisdiction is proper under 28 U.S.C. §1331 and §1343 because this action presents federal questions involving civil rights violations.

Venue is proper in the Northern District of Texas under 28 U.S.C. §1391 because the events giving rise to these claims occurred in Tarrant County, Texas.

## II. PARTIES

Plaintiff Dr. Mashiach C. Lassiter is a disabled veteran residing in Gardendale, Alabama.

Plaintiff has a disability that substantially limits major life activities and requires reasonable accommodation to access court systems and proceedings.

Defendant Cheryl Lopez is the Tarrant County District Clerk and is responsible for oversight and administration of the district clerk's office.

Defendant Lisa K. Grimaldi is an employee or official associated with the Tarrant County District Clerk's Office and participated in actions relevant to this complaint.

Defendant Tarrant County, Texas is a municipal entity responsible for policies and procedures governing the district clerk's office.

## III. FACTUAL ALLEGATIONS

Plaintiff submitted requests for reasonable ADA accommodations related to access to court filing systems and procedures.

Despite these requests, Plaintiff encountered repeated barriers preventing meaningful participation in court processes.

Plaintiff experienced repeated technical access failures while attempting to retrieve documents and utilize electronic filing systems associated with the Northern District of Texas.

In particular, Plaintiff received repeated system error responses when attempting to access court filings and documents.

These errors included persistent access failures when attempting to retrieve documents through court electronic access portals.

Because of these barriers, Plaintiff was unable to obtain or review documents necessary for timely legal participation.

Additionally, Plaintiff experienced difficulty locating or confirming certain case records within electronic search systems.

At times, case numbers associated with Plaintiff's filings were not searchable through the court's electronic access systems, further preventing Plaintiff from accessing court records.

These failures prevented Plaintiff from participating fully in litigation affecting his legal rights.

The denial of effective access to court systems constitutes denial of meaningful access to the courts.

## IV. CLAIMS FOR RELIEF

**Count I – Violation of the Americans with Disabilities Act (Title II)**

Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

Plaintiff is a qualified individual with a disability under the ADA.

Tarrant County and its officials operate a public entity providing court services.

Defendants failed to provide reasonable accommodation necessary for Plaintiff to access court filing systems and documents.

As a result, Plaintiff was denied meaningful access to the courts.

**Count II – Denial of Access to Courts (42 U.S.C. §1983)**

Plaintiff incorporates all preceding paragraphs.

The Constitution protects the right of individuals to meaningful access to the courts.

Defendants' actions and omissions created barriers that prevented Plaintiff from accessing court processes and participating in litigation.

These actions occurred under color of state law and deprived Plaintiff of constitutional rights.

**Count III – Municipal Liability**

Plaintiff incorporates all preceding paragraphs.

The actions described above resulted from policies, customs, or practices of Tarrant County.

Tarrant County failed to ensure adequate procedures for providing disability accommodations within its court administrative systems.

This failure resulted in the violations described in this complaint.

## V. REQUEST FOR RELIEF

Plaintiff respectfully requests that the Court declare that Defendants' actions violated federal law.

Plaintiff requests injunctive relief requiring Defendants to provide reasonable ADA accommodations ensuring meaningful access to court filing systems.

Plaintiff requests compensatory damages, costs, and any other relief the Court deems just and proper.

Respectfully submitted,

Dr. Mashiach C. Lassiter

1225 Mountain Ln

Gardendale, AL 35071

class1911@gmail.com

Pro Se Plaintiff

# UNITED STATES DISTRICT COURT – NORTHERN DISTRICT OF TEXAS – FORT WORTH DIVISION

Dr. Mashiach C. Lassiter (Parent/Next Friend of Chancellor Allen Lassiter, minor)

v. Red's Barbeque and Related Parties

## MASTER AMENDED COMPLAINT AND JURY DEMAND

## JURISDICTION

This Court has jurisdiction under 28 U.S.C. §1331 arising under federal law including the Lanham Act and constitutional claims under 42 U.S.C. §1983.

## FACTUAL BACKGROUND

Defendants authorized publication, artificial-intelligence alteration, thumbnail exploitation, and monetization of minors' images and performances in online media.

Commercial advertisers including Red's Barbeque purchased paid advertising placements within the monetized video content.

The minors' likenesses were used as traffic-driving images generating advertising impressions and promotional value.

## COUNT I – FALSE ENDORSEMENT (Lanham Act)

Defendants' advertising placements created the false impression that the minors endorsed or were affiliated with the advertiser.

## COUNT II – MISAPPROPRIATION OF LIKENESS

Defendants appropriated the likeness and performance of the minors for commercial benefit without lawful consent.

## COUNT III – UNJUST ENRICHMENT

Defendants obtained commercial promotional value derived from the minors' performances and likenesses.

## COUNT IV – DECLARATORY AND INJUNCTIVE RELIEF

Plaintiff seeks injunctive relief including removal of AI-generated media and cessation of unauthorized advertising association.

## DAMAGES

Track One – Chancellor Allen Lassiter: damages exceeding $500,000 plus disgorgement.

Track Two – Christian Lassiter: damages exceeding $250,000 plus disgorgement.

## PRAYER

Plaintiff requests damages, disgorgement, injunctive relief, costs, and all relief the Court deems just.

Respectfully submitted,

Dr. Mashiach C. Lassiter – Pro Se

JS 44 (Rev. 03/24)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

MASHIACH C. LASSITER

(b) County of Residence of First Listed Plaintiff JEFFERSON
*(EXCEPT IN U.S. PLAINTIFF CASES)*

(c) Attorneys *(Firm Name, Address, and Telephone Number)*

Pro Se,
1225 Mountain Ln, Gardendale, AL 35071

## DEFENDANTS

Cheryl Lopez District Clerk, Tarrant County (Official Capacity)

County of Residence of First Listed Defendant TARRANT
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [X] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [X] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [X] 4 |
| Citizen of Another State | [X] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: [redacted].

**CONTRACT**
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

**REAL PROPERTY**
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury
- [ ] 362 Personal Injury - Medical Malpractice

PERSONAL INJURY
- [ ] 365 Personal Injury - Product Liability
- [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

**CIVIL RIGHTS**
- [X] 440 Other Civil Rights
- [ ] 441 Voting
- [ ] 442 Employment
- [ ] 443 Housing/ Accommodations
- [ ] 445 Amer. w/Disabilities - Employment
- [ ] 446 Amer. w/Disabilities - Other
- [ ] 448 Education

**PRISONER PETITIONS**

Habeas Corpus:
- [ ] 463 Alien Detainee
- [ ] 510 Motions to Vacate Sentence
- [ ] 530 General
- [ ] 535 Death Penalty

Other:
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition
- [ ] 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 690 Other

**LABOR**
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Management Relations
- [ ] 740 Railway Labor Act
- [ ] 751 Family and Medical Leave Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Employee Retirement Income Security Act

**IMMIGRATION**
- [ ] 462 Naturalization Application
- [ ] 465 Other Immigration Actions

**BANKRUPTCY**
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

**INTELLECTUAL PROPERTY RIGHTS**
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 835 Patent - Abbreviated New Drug Application
- [ ] 840 Trademark
- [ ] 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- [ ] 375 False Claims Act
- [ ] 376 Qui Tam (31 USC 3729(a))
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit (15 USC 1681 or 1692)
- [ ] 485 Telephone Consumer Protection Act
- [ ] 490 Cable/Sat TV
- [ ] 850 Securities/Commodities/ Exchange
- [ ] 890 Other Statutory Actions
- [ ] 891 Agricultural Acts
- [ ] 893 Environmental Matters
- [ ] 895 Freedom of Information Act
- [ ] 896 Arbitration
- [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- [ ] 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- [ ] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [X] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. §1983 and Title II of the Americans with Disabilities Act – denial of access to courts and failure to provide reasonable accommodation.

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $ $500,000.00<

CHECK YES only if demanded in complaint:
JURY DEMAND: [X] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):* JUDGE DOCKET NUMBER 4:25-CV-01101-Y

DATE 03/12/2026

SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY

RECEIPT # AMOUNT APPLYING IFP JUDGE MAG. JUDGE

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b) County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c) Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II. Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III. Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV. Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: [redacted].

**V. Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statute.

**VI. Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

**VII. Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII. Related Cases.** This section of the JS 44 is used to reference related cases, if any. If there are related cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

# PROPOSED INJUNCTIVE RELIEF – ADA ACCOMMODATIONS

41. Plaintiff incorporates all preceding paragraphs of the Complaint as though fully set forth herein.

42. Plaintiff is a qualified individual with a disability within the meaning of Title II of the Americans with Disabilities Act.

43. Without reasonable accommodations, Plaintiff cannot meaningfully access electronic filing systems, court records, and filing procedures administered by the Defendants.

44. The failure to provide accessible filing procedures creates a continuing barrier to Plaintiff's ability to participate in court proceedings and protect his legal rights.

45. Monetary damages alone cannot remedy the ongoing denial of equal access to court services. Plaintiff therefore seeks prospective injunctive relief requiring Defendants to implement reasonable accommodations that ensure meaningful access to court filing systems and procedures.

WHEREFORE, Plaintiff respectfully requests that the Court enter an injunction ordering that:

A. Defendants provide Plaintiff with reasonable ADA accommodations for court filing and document access;

B. Defendants permit alternative filing methods, including clerk - assisted filing or email submission when electronic systems fail or are inaccessible;

C. Defendants designate an ADA coordinator or contact responsible for ensuring compliance with Title II of the ADA;

D. Defendants ensure that Plaintiff's filings are accepted and docketed when submitted through approved accommodation procedures; and

E. The Court grant such further relief as necessary to ensure equal and meaningful access to court proceedings.