**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| **MASHIACH C. LASSITER,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 4:26-cv-00307-O-BP** |
| | § | |
| **325TH DISTRICT COURT OF** | § | |
| **TARRANT COUNTY,** *et al.*, | § | |
| | § | |
| **Defendant.** | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

On January, 29 2026, *pro se* Plaintiff, Mashiach C. Lassiter, filed a civil complaint and application to proceed *in forma pauperis* ("IFP"), which were recently transferred here from the Northern District of Alabama and referred to the undersigned for judicial screening pursuant to 28 U.S.C. § 636(b) and Special Order 3. ECF Nos. 1, 2, 8, 10.

The findings, conclusions and recommendation of the United States Magistrate Judge are as follows:

<u>FINDINGS AND CONCLUSIONS</u>:

A.   NATURE OF THE CASE

This case is a new civil action.

B.   PARTIES

Mashiach C. Lassiter is the plaintiff. The Amended Complaint names Lisa K. Grimaldi; Tarrant County, Texas; and Cheryl Lopez as the defendants.

C.   LEGAL ANALYSIS

To proceed with a civil action in this Court, a plaintiff must either pay the $405 filing and

administrative fees or be granted permission to proceed IFP. *See* 28 U.S.C. §§ 1914, 1915. On March 20, after reviewing Plaintiff's IFP application, the Court determined that it was deficient because Plaintiff did not answer all of the questions included on the application, which elicits information that is necessary for the Court to review when assessing her pauper status. ECF No. 18. The Court ordered Plaintiff to either pay the $405 filing and administrative fees to the clerk of Court or file a complete long-form IFP application by April 3. *Id.* The Court provided Plaintiff the form necessary to comply and warned Plaintiff that failure to do so could result in dismissal of this case without further notice for failure to prosecute. *Id.*

Rule 41(b) permits a court to dismiss an action *sua sponte* for failure to prosecute or follow orders of the court. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962). The deadline for Plaintiff to comply with the Court's order has passed and, to date, Plaintiff has not complied with the Court's order, sought an extension of time to do so, or otherwise attempted to cure the filing deficiency or communicate with the Court about the case. Because Plaintiff has not paid the requisite fees, this case is subject to dismissal for failure to comply with a Court order and for lack of prosecution under Rule 41(b).

The undersigned therefore **RECOMMENDS** that the Court **DISMISS without prejudice** Plaintiff's Amended Complaint for lack of prosecution and for failure to comply with a court order. *See* Fed. R. Civ. P. 41(b).

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States

Magistrate Judge's proposed findings, conclusions, and recommendation **within fourteen (14) days** after the party has been served with a copy of this document. The United States District Judge need only make a de novo determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(b)(1). Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual findings and legal conclusions accepted by the United States District Judge. *See Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute* 28 U.S.C. § 636(b)(1) (extending the deadline to file objections from ten to fourteen days).

      **SIGNED** on April 10, 2026.

_____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE

3